UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 01-06258-CR-MARTINEZ-BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WALTER J. BROWNE and
PARTICIA A. DEVANEY,

    Defendant.
_____/

### ORDER DENYING PETITION FOR A HEARING TO ADJUDICATE PATRICIA BROWNE'S INTEREST IN PROPERTY THAT IS SUBJECT TO FORFEITURE AND GRANTING UNITED STATES' MOTION TO DISMISS PETITION OF PATRICIA A. BROWNE

This CAUSE came before the Court upon Petition for a Hearing to Adjudicate Patricia Browne's Interest in Property that is Subject to Forfeiture (**D.E. No. 516**), which was filed on February 8, 2008. Patricia Browne asserts property rights to a single family residence in Malta, New York ("Malta residence"), that is jointly owned by her husband, Walter Browne, and his niece, Kimberly Cardone. After Walter Browne was convicted of racketeering and conspiracy under the Racketeer and Influence Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, the property became subject to forfeiture pursuant to section 1963 of the RICO statute. Mrs. Browne insists that, under the laws of New York state, she is entitled to a share of any property that her husband acquired during their marriage.

The United States disagrees, arguing that New York law would not accord Mrs. Browne rights to half of her husband's property until and unless they divorce, which has not happened yet.

Accordingly, the United States moved to dismiss Patricia Browne's petition for failure to state a claim upon which relief can be granted. **(D.E. No. 518)**. Mrs. Browne filed a response in opposition to the United States' motion on April 9, 2008 (D.E. No. 519) and the United States filed a reply brief in support of its motion on April 15, 2008 (D.E. No. 520). Both Patricia Browne's Petition and the United States' Motion to Dismiss are now fully briefed and this matter is ripe for review. For the reasons stated below, the Court finds that Patricia Browne's Petition should be dismissed.

## Relevant Background

On June 2, 2004, Walter J. Browne, a labor union official, and his sister Patricia A. Devaney, who served as his Administrative Assistant (hereinafter "the Defendants"), were convicted of conspiracy to commit racketeering and of engaging in a pattern of racketeering under "RICO," 18 U.S.C. § 1962 *et seq*. Because RICO contains a mandatory forfeiture provision, *see* 18 U.S.C. § 1963(a)(1) and (a)(3), the Court held a hearing on November 20, 2004 to determine whether the Defendants had acquired any interests in the course of racketeering or acquired any properties with the proceeds of their racketeering activities. The Court determined that certain property was subject to forfeiture and issued a Preliminary Order of Forfeiture on December 28, 2004, which included a money judgment that held the two Defendants jointly and severally liable in the amount of $592,271.32. On February 24, 2005, the Court entered its judgments and sentenced both Defendants. *See* (D.E. Nos. 422 and 424).

The Defendants appealed their judgments and sentences to the United States Court of Appeals for the Eleventh Circuit (D.E. No. 425 and 426) that same day. Shortly thereafter, this Court entered a Restraining Order (D.E. No. 427), which prohibited Walter Browne from selling

several assets that might be needed to satisfy the judgment against him pending conclusion of his appeal. The United States identified one of those assets as a single family residence in Malta, New York. Walter Browne had acquired a one-third interest in this residence on July 6, 2000 when his sisters Dolores Browne and Patricia Devaney deeded the property to him and two of his relatives. The sisters gave Walter, his brother Kevin Browne, and his niece Kimberly Cardone, a quit claim deed to the property in exchange for $1.

When Kevin Browne died without heirs four years later, his interest in the Malta residence was divided equally between the two remaining co-owners, giving Walter Browne a 50 percent interest in the Malta residence. By this time, however, Walter had been convicted on RICO charges and the Court had entered a Preliminary Order of Forfeiture against him.

On June 8, 2005, the United States filed a motion to amend the Preliminary Order of Forfeiture (D.E. No. 474) so as to include the substitute assets that had been listed in the Restraining Order of March 4, 2005. On July 7, 2005, Walter Browne asked the Court to stay the forfeiture proceedings until the Eleventh Circuit resolved his appeal. (D.E. No. 477). The Court granted Walter Browne's motion to stay on July 27, 2005, taking no further action on the United States' motion to amend the forfeiture order until the Eleventh Circuit returned a decision on the Defendants' appeal in January of 2008. (D.E. No. 481).

On January 3, 2008, The Eleventh Circuit entered a mandate affirming the District Court's sentence and its order of forfeiture against the Defendants (D.E. No. 511). Accordingly, on January 11, 2008, the Court lifted the stay and granted the United States' motion to amend the Preliminary Order of Forfeiture. The United States quickly moved for forfeiture of the substitute assets that had been subject to the 2005 Restraining Order (D.E. No. 513), and the Court granted

the United States' motion on February 8, 2008. (D.E. No. 515)

Walter Browne's wife, Patricia Browne, formally asserted her rights to the Malta residence later that same day and asked the Court to hold a hearing to determine her rights to the property. (D.E. No. 516). Patricia Browne argues in her petition that the Malta residence is marital property and that she acquired rights to it when Walter Browne purchased the residence from his sisters in 2000. Mrs. Browne notes that RICO allows a third party such as herself, who is a bona fide purchaser for value, to challenge a forfeiture order provided that the third party was reasonably without cause to believe the property would be subject to forfeiture at the time of the purchase. Patricia Browne asserts that she meets this requirement because her husband was not indicted for violating RICO until 2001, one year after he purchased the Malta residence. Thus, Patricia Browne asserts that she was reasonably without cause to believe the property would be subject to forfeiture when she acquired her interest in the property.

## Legal Standards

18 U.S.C. § 1963(l)(2) and (l)(6) provide a mechanism by which third parties who claim a legal interest in property that is subject to RICO forfeiture may challenge the United States' claim to the property. Pursuant to 18 U.S.C. § 1963(l)(2),

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

Once the court has held such a hearing, section 1963(l)(6) mandates that the court amend the order of forfeiture if it finds by a preponderance of the evidence that

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because

>   the right, title, or interest was vested in the petitioner rather than the defendant or
>   was superior to any right, title, or interest of the defendant at the time of the
>   commission of the acts which gave rise to the forfeiture of the property . . .; or
>   (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in
>   the property and was at the time of purchase reasonably without cause to believe
>   that the property was subject to forfeiture . . . ;

18 U.S.C. § 1963(l)(6).

The third party petitioner bears the burden of proving that he/she has a legal right to property which is otherwise subject to forfeiture. *United States v. Gilbert*, 244 F.3d 888 (11th Cir. 2001). Although federal law defines what interests are subject to criminal forfeiture,"state property law defines what those interest are." *United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000). Accordingly, a district court will look to the law of the state where the property is located to determine whether the petitioner has a legal right to the forfeited property. *See id.*

If a third party petitioner fails to allege sufficient facts to support a claim to forfeited property under either 18 U.S.C. § 1963(l)(6)(A) or (B), a district court may dismiss his/her claim without a hearing for failure to state a claim upon which relief can be granted. *United States v. BCCI Holdings (Luxembourg), S.A.*, 833 F. Supp. 9, 13 (D.D.C. 1993) (citing *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988) and *United States v. Mageean*, 649 F. Supp. 820, 825 (D.Nev. 1986), *aff'd without opinion*, 822 F.2d 62 (9th Cir. 1997)).

However, the Federal Rules of Civil Procedure do not require that a plaintiff set out the factual basis for every element of his claim in detail. *Conley v. Gibson*, 366 U.S. 41, 47 (1957). A claim is sufficient if it "contain[s] inferential allegations from which [the Court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). In reviewing a

motion to dismiss, the Court must "accept as true the facts stated in the complaint and draw all reasonable inferences therefrom." *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994).

## Discussion

Analyzing Patricia Browne's petition according to these standards, the Court finds that its should be dismissed for failure to state a claim upon which relief can be granted. The Court also finds that there is no need to hold an evidentiary hearing on the petition. Mrs. Browne asserts that she acquired her interest in the Malta residence in 2000 when her husband and two of his relatives purchased the property from her husband's sisters. She insists that the Malta property should be characterized as marital property. She also argues that she should be considered a bona fide purchaser for value because that is how her husband was proceeding when he purchased his interest in the Malta residence. However, she cites no case law in support of either proposition.[1]

The concept of marital property simply does not exist under New York law except as an ancillary remedy to the dissolution of a marriage. *See Musso v. Ostashko*, 468 F.3d 99, 105-06 (2nd Cir. 2006). Although New York courts do follow the common law doctrine of equitable distribution which provides a means of determining ownership rights to property that was

---

[1] The Petitioner relies upon an Eighth Circuit case, *United States v. Totaro*, 345 F.3d 989 (8th Cir. 2003), to support her argument that New York would consider the Malta residence marital property, and would determine her interest by reference to New York's divorce law. The property at issue in *Totaro*, like the property at issue here, was a family estate which was subject to forfeiture under RICO. *Id.* at 992. Mrs. Totaro, who claimed title to a portion of the family estate, filed a third party petition challenging the order of forfeiture, as Patricia Browne has done here. *Id.* The district court denied Mrs. Totaro's petition, but the Eighth Circuit vacated the district court's forfeiture order on appeal. *Id.* at 991. In doing so, the Eighth Circuit ordered the district court to determine Mrs. Totaro's interests in her husband's property by applying New York's divorce law. *Id.* at 999. However, this Court finds that the *Totaro* case is clearly distinguishable on its facts from the instant case. In *Totaro*, the defendant spouse had declared bankruptcy before he commenced the racketeering activities that would later subject his interest in the couple's property to forfeiture. *Id.* at 992. Shortly after the defendant declared bankruptcy, his wife purchased a mechanic's lien that a creditor had on her husband's half of the family estate. *Id.* As a result, she became a secured creditor with a claim to the defendant's property. Accordingly, as the Eighth Circuit noted in *Totaro*, this was not a case where the spouse was relying on her marital and possessory interests alone to establish a superior legal right, title or claim to the forfeited property. *Id.* at 998-99. Patricia Browne's claim, in contrast, rests entirely upon her marital interests. *See* (D.E. No. 518-2 at 30, lines 9-13).

acquired during marriage, this doctrine only applies in the context of divorce proceedings. *Seifried v. Seifried,* 188 Misc. 2d 93, 95-6 (N.Y. Sup. Ct. 2001) ("Equitable distribution rights under New York law vest only upon the rendering of a judgment awarding distribution of marital property. . . . There are no vested present or contingent property rights or interests, legal or equitable, in such property solely because it may be categorized as marital property."); *see Peterson v. Goldberg,* 146 Misc. 2d 474, 476 (N.Y. Sup. Ct. 1990) ("The right to equitable distribution does not come into being during the marriage or at the commencement of the [divorce] action, but accrues upon dissolution or termination of the marriage."). The record indicates that Patricia Browne and Walter Browne are married; neither one has filed for a divorce. Patricia Browne did not acquire a legal interest in the Malta residence in 2000 simply by virtue of being the spouse of someone who purchased an interest in the property. And, New York's state courts would not create such an interest today by applying the doctrine of equitable distribution. Accordingly, she fails to allege sufficient facts to show that she has a legal interest in the Malta residence which would entitle her to a hearing under 18 U.S.C. § 1963(l)(2).

Additionally, Patricia Browne has failed to allege sufficient facts to support her claim that she is a bona fide purchaser for value of the Malta residence. To obtain relief from forfeiture under 18 U.S.C. § 1963(l)(6)(B), Patricia Browne must show that she purchased her husband's interest in the Malta residence without knowing that the property was subject to forfeiture. The statute asks whether she ever became a bona fide purchaser for value of the defendant's interest in the subject property; not whether the defendant acquired his interest as a bona fide purchaser for value. *See Kennedy,* 201 F.3d at 1330. The deed that Patricia Browne attaches as an exhibit to her petition states that her husband and two of his relatives purchased the Malta residence on July

6, 2000 for $1. *See* (D.E. No. 516 at 40-44, Exh. F). Patricia Browne's name does not appear anywhere on this deed, and she does not present any subsequent deed which shows that she purchased her husband's interest at some later date. *See* (id). Indeed, as she admits in her deposition (D.E. No. 518-2 at 30, lines 9-13), the only reason she claims to have an interest in the Defendant's property is that she is the Defendant's spouse. In light of the foregoing, it is:

**ORDERED and ADJUDGED** that

1. The Petition for a Hearing to Adjudicate Patricia Browne's Interest in Property that is Subject to Forfeiture **(D.E. No. 516)** is **DENIED**.

2. The United States' Motion to Dismiss the Petition of Patricia A. Browne **(D.E. No. 518)** is **GRANTED**.

3. Patricia A. Browne's Third Party Petition for Relief from the Order of Forfeiture **(D.E. No. 516)** is **DISMISSED**.

DONE AND ORDERED in Chambers at Miami, Florida, April 23, 2008.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All attorneys of record